# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-30575
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee,*

*versus*

Chaves Hodges,

*Defendant—Appellant.*

———————————————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:22-CR-171-1

———————————————————

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Chaves Hodges appeals his conviction of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Hodges contends for the first time on appeal that Section 922(g)(1) violates the Second Amendment, in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). Hodges concedes this court's review is for plain

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.4.

error.  To demonstrate plain error, Hodges must show a clear or obvious error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

The Government has filed an unopposed motion for summary affirmance or, in the alternative, for an extension of time to file its brief.  As the Government contends, Hodges's argument that the district court plainly erred because Section 922(g)(1) is unconstitutional is foreclosed by *United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023).  In *Jones*, we held that any error was not clear or obvious because there was no binding precedent finding Section 922(g)(1) unconstitutional, and it was unclear whether *Bruen* dictated such a result.  *Id.*

Where "there can be no substantial question as to the outcome of the case," summary disposition is appropriate.  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  Accordingly, the motion for summary affirmance is GRANTED, the alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.